Iqbal v. Patel Mr. Settle May it please the Court Your Honours, in 2009 the appellant in this case lost his gas station and convenience store in Fulcrum If you would raise your voice a little it will help you. Don't move the microphone, that just records. You need to raise your voice enough to carry over the sound of the wonderful ceiling fans Thank you, Your Honour. In 2009 the appellant lost his gas station and convenience store in a foreclosure proceeding And then about a year or two thereafter he discovered that the individual who operated the gas station for him and the supplier of the gas were in collusion and they committed a fraudulent scheme that led to the loss of his gas station He commenced an action in the district court. The district court found that based on its interpretation of this court's prior decisions that this court does not recognize fraud as an exception to the Rooker-Feldman Doctrine And on that basis he dismissed the case. Now the district court relied mainly on two cases that I'd like to distinguish here I'd like to start you out in a different place, Counsel, which is the question whether the Rooker-Feldman Doctrine is implicated at all I don't think we can go around declaring exceptions to doctrines adopted by the Supreme Court, so I'm interested in whether this is within the scope of the Rooker-Feldman Doctrine Is it possible for your client to prevail while the state judgments remain outstanding? Yes, Your Honor. I believe so. Explain how and what the damages would be if the state judgments remained standing The relief that he wants is the injury that he sustained as a result of the fraud The injury that the fraud caused, Your Honor, was loss of his business, loss of his property, the equity they had in there, and a judgment that says to the operator of the business How much of that is covered by the state judgments? You can't get damages caused by the state judgment The question I'm asking so that it's perfectly clear is, is there any injury that your client is seeking recovery for that is independent of the state judgments? Injury he would have suffered even had he prevailed in the state cases? Yes, Your Honor. And to be more specific, in the state case, what he lost was the equity that he had in the property. That's it. In the federal case, what he would have gained would be the entire injury of the loss of his business and potential future equity built in the property. Would you agree that in seeking an order of possession for the gas station, he's seeking to have the federal court overturn the judgment of the state court? After all, I mean, the state court allowed the foreclosure and the sale of the property. That may be an argument that you may be correct there, but another relief is a monetary judgment against someone who committed fraud, committed a blatant scheme of fraud without the individual's knowledge. And what's the measure of damages for that fraud injury? Well, there's punitive damages and there's compensatory damages. The compensatory damages is the business that the plaintiff lost that he could have gained from that point of the fraud, from the commencement of the fraud to the issuance of the judgment. The value of the business is a going concern because he was put out of business, right? That, Your Honor, yes, the value of the business. And the other way is the actual profits he would have gained during that entire time from the initial fraud. Well, he seeks both treble damages under RICO and also punitive damages. Is he entitled to both? On what authority is he entitled to both? With respect to fraud, yes. With respect to RICO, I believe he's entitled to treble damages. I would have to look at it. But, Your Honor, with respect to damages, we won't mind limiting the damages if he's not entitled to all of it. We just want to get to the trial. Thank you. Your Honors, if I may, I respectfully disagree with the lower court's interpretation and some commentators, a lot of them, that say that the Taylor v. Federal National Mortgage Company and the Long v. Shorebank Development Company stands for the proposition that this court believes fraud is not an exception to the Rockefellman Doctrine. That's erroneous. Counsel, I must say that I don't see how there can be exceptions to a doctrine the Supreme Court has created. The Supreme Court said the basis of the Rockefellman Doctrine is that only the Supreme Court of the United States can review the judgments of state court in civil cases. Fraud doesn't have anything to do with the rationale of Rockefellman. It's just a reason for thinking the state court judgment is wrong. And the Supreme Court has said that all your reasons for thinking a state court judgment is wrong have to go to the Supreme Court and not the inferior federal judiciary. You're basically disagreeing with the premise of the Rockefellman Doctrine, and that's not something an inferior court is supposed to do. Your Honor, I was going to explain why your comments are correct with respect to the specific facts within these two cases, but we're in agreement here, Your Honor. And I was going to go on to the Johnson case and explain where this goes. So I don't think there's disagreement with us here, Your Honor. The other thing I want to point out, Your Honor, the Congress created the diversity of jurisdiction statute, and when they did that, what they had in mind was that state courts may not be fair or impartial to someone from the outside. And, again, and I agree with you, Judge, the statute should take precedent, and this is a diversity of jurisdiction case. I thought it was a federal question case. Well, that federal question case is problematic, Your Honor. The Rockefellman Doctrine may stand or not. I'm now totally lost. This is a RICO case. What do you mean federal question jurisdiction is problematic? Well, Your Honor, it's two causes of actions. One is the fraud, which is based on diversity, and the other one is the RICO as well. So that is a federal question. Yes, Your Honor. I do agree on that. And there are many cases that this court put out that, as I said, the district court judge and many commentators seem to hold the view that this court doesn't believe that fraud is an exception to the Rockefellman Doctrine, and I think we're in agreement that they're wrong. Unless they have any other questions for me, Your Honors, I think that's all I have. Thank you, Mr. Salem. Thank you. Mr. Salem, counsel sits at counsel table. Excuse me, Your Honor. All right, Mr. Moore, I would like to ask you the same question I asked to Mr. Salem, but I'd like to ask you an antecedent question, which is, do you think the doctrine of res judicata, or claim preclusion, forecloses this RICO suit? Yes, Your Honor. In fact, I, being a lawyer, why? And why, yeah. Because this is clearly a direct attack on decisions that were made in the state court. In 2008, my client filed suit for failure to pay for gas. This is the same gasoline that he now claims was part of the fraud. Counsel. Yes. Could a RICO claim have been, was it a compulsory counterclaim? Yes, it was. Yes, it was. It arises out of the same transaction or occurrence. We're talking about the same gasoline. We're talking about the loss of the. And could you help me understand what the compulsory counterclaim doctrine is? Is it the same as federal? And then you could tell me whether RICO has ever been deemed a compulsory counterclaim in federal practice. I do not know the answer of whether it's been deemed in federal practice. In the state of Indiana. I would be very surprised. Maybe I'm wrong, but I would be very surprised if there were a federal foreclosure action. And there are lots. There are actually more federal foreclosure actions than any other thing on the district court's docket. I would be very surprised if RICO were a compulsory counterclaim. But if it's not, then presumably race judicata wouldn't apply. And I have some difficulty seeing how the Rooker-Feldman doctrine applies when race judicata doesn't. There's some overlap between the two. But maybe I'm completely wrong about race judicata. Well, Your Honor, this is to get into the procedural history of the case a little bit. In 2008 was the action on the lawsuit for the failure to pay for gas. That is the same facts which Mr. Iqbal now claims was where the and that was before the foreclosure. I don't understand his argument. It is that that's not true. His argument is that there is an extrinsic conspiracy to defraud him, which is different from his failure to pay for gas or is anterior to his failure to pay for gas. Well, and it seems to me that it then at least is logically possible that the foreclosure is proper. The state judgment is proper because, indeed, he didn't pay for gas. But the consequences of a conspiracy to defraud him would nonetheless be actionable. If I may follow up, he seems to concede that the state court judgments are valid. But he seeks to recover compensation for the fraud, that led to the state court entering these judgments against him. And, you know, that seems to be allowed by the Johnson case. You know, Johnson versus Pushpin. Well, I believe that without the state court actions, he would have never lost his gas station. He would have never gone out of business. So to say that the state court actions are not the direct cause of the injury is incorrect. It is exactly what he's complaining about. He's claiming that the state – He's not contesting the debt in this action. He's not contesting the foreclosure. He's alleging a conspiracy to steal his business under two different legal theories, RICO and a common law fraud theory, with a different measure of damages. There's a problem in that he asked for the property back, but that's just – And the other measure of damages is from the loss of the business, which, again, is a result from the state court – That's not what the state court cases were about. The cases were about a debt for gas delivered and not paid for. Paid for. And a foreclosure action. He's not contesting either of those. He's suing for the theft of his business. Yes. Your guy's conspired to do it. And Patel wasn't a party in the state court litigation, was he? No, but he could have been. He could have made him a party. But there's no state court judgment involving Patel, correct? That is correct. But he could have been added as a party if he had sought. He's a resident of the county where the lawsuit was brought. I believe this argument really is the same as in the other foreclosure actions where people claim that there's been a fraud involved in the handling of their mortgage and they lose their house. I do think that this court's decisions in the line of foreclosure cases, which it is uniformly found Rooker, Feldman, Bard reconsideration, are exactly on point because, again, his whole claim is that we used the state court to defraud him. That was the tool. Without that, nothing would have happened. He would have not lost his gas station. He would not have lost his business. And so he's claiming an injury that directly flows from the decisions of the state court. And that's exactly, I think, what the same decisions of this court in the foreclosure area under Rooker, Feldman have determined. That's why I asked the particular question I did in Mission Salem. Is it possible for him to recover while the state judgment remains valid and outstanding? I don't think so because, first of all, Reyes-Judicato should apply because it was a claim that arises out of the very same facts and circumstances. If Reyes-Judicato applies, then that can be pleaded as an affirmative defense. It won't be jurisdictional. The reason I asked that question initially of you is because it seems to depend on the proposition that Rico was a compulsory tender claim. But let's just stick with Rooker, Feldman. It's a jurisdictional document. It's not quite the same as Reyes-Judicato. In your view, you've told me that you think that Iqbal can't prevail while the judgment remains valid and outstanding. And I'd like you to explain why. Because the damages that he claims all flow as a direct result from and negate the decision of the state court in finding that we had proper grounds to have a foreclosure sale. How does it negate the foreclosure to obtain a recovery for fraudulently putting him out of business? In other words, obtain damages for the value of his business? It doesn't call into question the foreclosure judgment. The foreclosure judgment flowed from the nonpayment of the gas. That can remain of record and stand as is, and he can obtain damages for the value of the business. Because if there wasn't a valid debt he claims the debt wasn't valid, in essence, by claiming that he was defrauded into this. No, he's claiming that tenants conspired to and concocted this scheme to put him out of business, which consisted of defaulting on the payment of gas. And he claims that the method of that was they conspired to not have the gas paid for. Right, but that doesn't contest the nonpayment. There's clearly a nonpayment. He's not alleging there was not a nonpayment. And that triggered the foreclosure when that debt was not paid, and he's not challenging that. Perhaps I'm being thick on this, but it seems to me that if for him to contend that the underlying obligations, he is attacking the underlying obligations that were the foundation for both the 2008 judgment and the 2010 judgment, and that he had an obligation under Indiana law to raise defenses that his RICO claims would have been affirmative defenses under Indiana law. But he was required to raise. Thank you. Thank you very much, Mr. Moore. Anything further, Mr. Salem? Your Honor, unless the court has any questions, I have nothing to answer. I don't see any questions. Thank you very much. Thank you. The case is taken under advisement. Thank you. The court will now be in recess. Thank you.